Van Ree Publishing Co., Inc., Plaintiff, *v.* Howard M. Clemmings et al., Defendants.

Supreme Court, Special Term, Queens County, July 21, 1943.

*Louis S. Ferst* for Howard M. Clemmings, defendant.

*Henry C. Frey* for plaintiff.

Daly, J. In an action brought by the plaintiff to foreclose a mortgage on printing machinery and equipment, the defendant Clemmings sought an order pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act, as amended (U. S. Code, tit. 50, Appendix, § 501 *et seq.*), for a stay of all proceedings. After due consideration this court handed down a memorandum (N. Y. L. J., December 24, 1942, p. 2033), granting the stay on condition that said defendant continue the payments of $150 per month on account of the indebtedness. It appeared that the machinery and equipment covered by the mortgage were being used in the operation of said defendant's business which was managed by the defendant Jagnow and supervised by the moving defendant, who was stationed at a base in Brooklyn and able at times to be physically present at the plant. The court pointed out: " If he is able to continue a business, notwithstanding his military service, it seems no more than fair that he should pay the obligations in connection with that business. Surely he pays rent for the loft; he pays his employees and for the materials he purchases. There seems to be no reason why he should not pay for the machinery which by its use is depreciating daily. Any other result would be oppressive and contrary to the plain language of the statute, which contemplates equitable treatment ' to conserve the interests of all parties.' " [U. S. Code, tit. 50, Appendix, § 532, subd. (2), cl. (b).]

Thereafter the said defendant moved for permission to renew the motion. The court thereupon referred the matter to an Official Referee to take testimony and report. Hearings were duly held and on June 4; 1943, the learned Official Referee reported to the court recommending the denial of the stay based upon his findings " that the conduct and management of the business since May 12, 1942, has been by the defendant Clemmings in part time, and by the other defendant;" and that Clemmings' military service has had no material effect upon the business which, as presently conducted, can meet the payments required to be made on account of the obligation.

By a notice of motion, dated June 10, 1943, the plaintiff moved to confirm the report of the Official Referee and the Justice sitting in Special Term referred the motion to this court, pointing out that no stenographers' minutes had been furnished and that it was the duty of the party asking for the stay from the court to furnish them. This court upon receiving the papers directed the moving defendant to furnish the minutes by July 20, 1943, and stated that " Unless such minutes are furnished as directed above the court will have no alternative but to determine the matter solely upon the original papers." (N. Y. L. J., July 10, 1943, p. 76.) The minutes were not furnished as directed and the court is compelled to make its determination without them.

A consideration of all the papers submitted shows that the defendant Clemmings' induction into the military service has brought about no material change in the ability of the business to pay the obligation. It could not have been the legislative intent to authorize a stay of the payment of an obligation where, as here, the obligor, notwithstanding his military service, is able to conduct his business, which requires the use of the machinery covered by the mortgage and which use inevitably depreciates the life and value of such machinery, thereby affecting the very existence of the security for the obligation. Accordingly the application for a stay must be denied. Submit order.